# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLINTON MCGHEE, | Case No. 1:11-cv-00490-LJO-SAB |
| Plaintiff, | ORDER SCREENING COMPLAINT AND DISMISSING PLAINTIFF'S CLAIMS, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| FEDERAL BUREAU OF PRISONS, et al., | |
| | ECF NO. 1 |
| Defendants. | |

**I.**

**INTRODUCTION**

Plaintiff Clinton McGhee is a federal prisoner proceeding pro se and in forma pauperis in this action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). Plaintiff filed the complaint in this action on March 18, 2011. (ECF No. 1.)

For the reasons set forth below, the Court finds that Plaintiff's complaint fails to state any cognizable claims. The Court will dismiss Plaintiff's claims, with leave to amend.

**II.**

**SCREENING**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

1

"frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

### III.

### PLAINTIFF'S COMPLAINT

Plaintiff names Jason A. Sickler (regional counsel), Joe Keffer (warden, USP Pollock), W.A. Sherrod (warden, USP Pollock), Eskridge (associate warden, USP Pollock), J. Alexander (doctor, USP Pollock), P. Nordstrom (nurse practitioner, USP Pollock), Rios (warden, USP Atwater), Shin (associate warden, USP Atwater), Bell (associate warden, USP Atwater), Lothrop (chief security officer, USP Atwater), J. Franco (doctor, USP Atwater), J. Sorenson (nurse practitioner, USP Atwater) and R. Refender ("medical licence[sic] practitioner," USP Atwater) as

///

defendants in this action (defendants will be collectively referred to as "Defendants").[1] (Compl. 3-4, 12-13.[2])

Plaintiff alleges that, on June 26, 2009, he was attacked by two other inmates while incarcerated at the United States Penitentiary in Atwater, California ("USP Atwater"). (Compl. 13.) Plaintiff sustained a fracture to his wrists and received surgery on July 1, 2009. (Compl. 13.) Plaintiff was given Tylenol for three days after the surgery, and then given Ibuprofen. (Compl. 13.) Plaintiff alleges that the Ibuprofen "did nothing for the pain" and Plaintiff complained to Defendants J. Franco, J. Sorenson and Refender. (Compl. 13.) However, Plaintiff was not given any other pain medication. (Compl. 13.)

On October 7, 2009, Plaintiff received further surgery to remove the pin that was placed in his wrist. (Compl. 14.) Again, Plaintiff was initially given Tylenol for three days after the surgery and Ibuprofen afterwards. (Compl. 14.) Plaintiff complained to Defendants Rios, Bell, Shin and Lathrop about his pain, but was not given any other pain medication. (Compl. 14.)

On October 30, 2009, the doctor who performed the surgery (not identified and not named as a defendant) came to see Plaintiff, but left without seeing Plaintiff. (Compl. 14.) Plaintiff alleges that he never received physical therapy after his surgery and, as a result, Plaintiff cannot properly raise his thumb or close his fist and Plaintiff remains in pain. (Compl. 14.)

On December 3, 2009, Plaintiff was transferred to the United States Penitentiary in Pollock, Louisiana ("USP Pollock"). Plaintiff was given Acetaminophen and Naproxen by Defendant J. Alexander, but neither medication worked for the pain. (Compl. 14.) Medical staff refused to provide Plaintiff with any other medication. (Compl. 14.) Plaintiff received an x-ray and was told by Defendant P. Nordstrom that the wrist had healed improperly and there was

---

[1] Plaintiff misspells Defendants' names throughout the complaint (e.g., Defendant Sicker vs. Defendant Sickler). Accordingly, the true spelling of Defendants' names is unclear. Moreover, Plaintiff's list of Defendants is inconsistent throughout the complaint. Defendant W.A. Sherrod is named as a defendant on page 12 of the complaint but not included in the list of defendants on pages 3 and 4 of the complaint. Similarly, Defendant Joe Keffer is named as a defendant on page 3 of the complaint but does not appear on the list of defendants at pages 12 and 13 of the complaint.

[2] Citations to Plaintiff's complaint will refer to the page numbers in its electronic PDF form and not to the page numbers utilized by Plaintiff.

nothing that could be done about it. (Compl. 14.) Plaintiff complained to Defendant Eskridge about the issue, but was told "that he would be seen on a need to be seen b[a]sis." (Compl. 14.) Plaintiff also complained to Defendants Alexander and Keffer. (Compl. 4.)

On January 27, 2010, Plaintiff filed a federal tort claim, which was denied by Defendant Sickler on the grounds that there was no evidence of negligent or wrongful acts by any government employees. (Compl. 14.)

Plaintiff contends that he was denied adequate medical care in violation of the Eighth and Fourteenth Amendments.

## IV.

## DISCUSSION

### A. Eighth Amendment Claims

Plaintiff claims that Defendants violated his rights under the Cruel and Unusual Punishments Clause of the Eighth Amendment. To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). In order to find a prison official liable under the Eighth Amendment for denying humane conditions of confinement within a prison, the official must know "that inmates face a substantial risk of serious harm and disregard[] that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994).

To maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show (1) a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to

respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id.

Plaintiff alleges that his Eighth Amendment rights were violated because prison officials refused his requests for stronger pain medication. Plaintiff alleges that the Ibuprofen provided by his doctors was not effective.

However, a mere difference of medical opinion does not rise to the level of an Eighth Amendment violation. Toguchi v. Chung, 391 F.3d 1051, 1059-60 (9th Cir. 2004). In order to violate the Eighth Amendment, Plaintiff must allege facts that plausibly support the conclusion that Defendants' chosen course of treatment was medically unacceptable under the circumstances and was chosen by Defendants in conscious disregard of an excessive risk to Plaintiff's health. Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996). Here, Plaintiff's allegations that prison officials provided him with Ibuprofen for his pain but refused to provide stronger pain medication upon Plaintiff's demand does not plausibly support the conclusion that those prison officials acted with deliberate indifference. Plaintiff's allegations do not plausibly support the conclusion that Defendants knew that their refusal to grant Plaintiff's demands for stronger pain medication was medically unacceptable under the circumstances and chosen in conscious disregard of an excessive risk to Plaintiff's health. Accordingly, Plaintiff fails to state any Eighth Amendment claims related to Defendants' refusal to provide Plaintiff with stronger pain medication.

Plaintiff also alleges that one his doctors informed him that his wrist had healed improperly. Plaintiff contends that this was because he did not receive any physical therapy for his wrist. However, Plaintiff fails to allege any facts that plausibly support the conclusion that any of the named Defendants were aware of the risk that Plaintiff's wrist would heal improperly, that Plaintiff needed physical therapy, or that any individual Defendant was even aware that Plaintiff was not receiving therapy. Plaintiff fails to allege any facts that plausibly support the conclusion that any of the Defendants acted with deliberate indifference by exposing Plaintiff to a substantial risk of serious harm. Accordingly, Plaintiff fails to state any Eighth Amendment claims related to his improperly healed wrist.

/ / /

/ / /

### B. Fourteenth Amendment Claims

Plaintiff claims that Defendants violated his rights under the Fourteenth Amendment. However, the Fourteenth Amendment only applies to the states and does not apply to actions by the Federal Government. San Francisco Arts & Athletics, Inc. v. U.S. Olympic Committee, 483 U.S. 522, 542 n. 21 (1987). Since Defendants are all federal government officials, Plaintiff fails to state any cognizable claims under the Fourteenth Amendment.

Even if Plaintiff's Fourteenth Amendment claims were liberally construed to arise under the Fifth Amendment, the Due Process analogue to the Fourteenth Amendment that applies to federal government officials, see Lee v. City of Los Angeles, 250 F.3d 668, 687 (9th Cir. 2001), Plaintiff fails to state any cognizable claims. Where another amendment "provides an explicit textual source of constitutional protection" against the alleged governmental conduct, "that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing [those] claims." Graham v. Connor, 490 U.S. 386, 395 (1989). In this case, the Eighth Amendment provides a more explicit textual source of constitutional protection against Plaintiff's allegations of inadequate medical treatment. Accordingly, Plaintiff's claims will only be analyzed under the Eighth Amendment and Plaintiff cannot state a separate claim under the Due Process clause of the Fifth Amendment.

### C. Individualized Inquiry into Causation

Plaintiff names several individuals as defendants without alleging facts that show how they caused or contributed to Plaintiff's injuries. In order to state a claim against each individual defendant, Plaintiff must "plead that each Government-official defendant, through the official's own individual actions" violated Plaintiff's constitutional rights. Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). With respect to supervisory officials such as warden, those officials "may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Id.

Plaintiff fails to allege facts that show how some of the individual defendants caused or contributed to Plaintiff's alleged injuries. For certain Defendants, it is unclear how they had any role in Plaintiff's medical treatment. For example, Defendant Sickler is alleged to be the official

who received and denied Plaintiff's federal tort claim. Plaintiff does not allege any facts that show how Sickler participated in Plaintiff's treatment or otherwise would be liable for violating Plaintiff's Eighth Amendment rights. For other Defendants, Plaintiff only alleges that they were tangentially involved after Plaintiff had already suffered the injuries alleged in his complaint. For example, Plaintiff alleges that Defendant Nordstrom told Plaintiff that his wrist healed improperly but Plaintiff does not allege any facts that show how Nordstrom should be liable for causing Plaintiff's wrist to heal improperly. Plaintiff alleges that he spoke to Defendant Eskridge about his wrist issue, but by then "there was nothing that could be done about it." (Compl. 14.) Plaintiff's complaint fails to state any cognizable claims against these defendants because Plaintiff fails to demonstrate how their individual actions violated Plaintiff's constitutional rights.

## V.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court finds that Plaintiff's complaint fails to state any cognizable claims. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 678. "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's complaint, dated March 18, 2011, is dismissed for failure to state a claim upon which relief may be granted;
3. If Plaintiff wishes to amend, he must file an amended complaint within **thirty (30) days** from the date of service of this order; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated: **June 20, 2013**

UNITED STATES MAGISTRATE JUDGE